UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB R. PRATT,<br><br>                           Plaintiff,<br>      v.<br><br>CHAIRPERSON FOR NEVADA PAROLE BOARD, *et al.*,<br><br>                          Defendants. | Case No. 3:18-cv-00457-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

This is a civil rights case brought by an individual who is a Nevada Department of Corrections ("NDOC") prisoner—Plaintiff Jacob R. Pratt—although he is currently incarcerated in New Mexico. (ECF No. 6 at 3 & n.1.) Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 6) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) and *pro se* complaint ("Complaint") (ECF No. 1-1). Plaintiff filed an objection to the R&R on March 15, 2019 ("Objection"). (ECF No. 7.) The Court accepts and adopts the R&R in its entirety.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

1 employed by the district court when reviewing a report and recommendation to which no
2 objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.
3 Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that
4 district courts are not required to review "any issue that is not the subject of an objection.").
5 Thus, if there is no objection to a magistrate judge's recommendation, then the court may
6 accept the recommendation without review. *Johnstone*, 263 F. Supp. at 1226 (accepting,
7 without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's Objection, this Court now engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R.

Judge Cobb recommended dismissing Plaintiff's various claims—alleging due process and equal protection violations as well as discrimination under the Americans with Disabilities Act. (ECF Nos. 1-1, 6.) Among Judge Cobbs stated basis for dismissal is that parole board members constituting the defendants in this action are entitled to absolute quasi-judicial immunity. (ECF No. 6 at 10–12.)

The Court agrees that the parole board members are entitled to absolute immunity. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981) ("[P]arole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications."); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). Accordingly, the Court will adopt Judge Cobb's R&R and dismiss this case with prejudice as amendment would be futile.

Two of Plaintiff's objections attempt to challenge Judge Cobb's absolute immunity analysis. (ECF No. 7 at 2.) First, Plaintiff argues that absolute immunity does not bar his claim because he seeks declaratory relief. (*Id.*) Second, he contends Defendants are not immunized for the types of claims he alleges based on parole board policies. Plaintiff cites no authority to support these objections and the Court otherwise finds them unpersuasive.

Judge Cobb further recommends that the Court grants Plaintiff's application to proceed *in forma pauperis* because Plaintiff is unable to pay the filing fee in this matter. This Court agrees with permitting Plaintiff to proceed *in forma pauperis*.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 6) be accepted and adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in form pauperis* (ECF No. 5) is granted. Plaintiff is not required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even where an action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to send a copy of this order to the attention of the Person in Charge of Inmate Accounts for the **Penitentiary of New Mexico-North, P.O. Box 1059, Santa Fe, New Mexico, 87054-1059**. A copy should also be sent to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702, in the event Plaintiff is transferred back into the custody of NDOC.

It is further ordered that Plaintiff's Objection (ECF No. 7) is overruled.

It is further ordered that the Clerk detach and file the Complaint (ECF No. 1-1).

It is further ordered that this case is dismissed with prejudice because Defendants are immunized from suit and therefore amendment would be futile.

The Clerk of the Court is directed to close this case.

DATED THIS 4th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE